The opinion of the court on the original hearing was delivered by Egan, J., and on the rehearing by Manning, C. J.
Egan, J.
The accused was tried, found guilty, and sentenced to the Penitentiary under an information filed under section 810 of the Revised Statutes of 1870 which charged him with the larceny of “the sum of twenty-six dollars in current money of the United States of • the value of §26.” The statute provides that “ the robbery or larceny of bank notes, obligations or bonds, bills obligatory, or bills of exchange, promissory notes for the payment of any specific property, paper bills of credit, certificates granted by or under the authority of this State, or of the United States, or any of them, shall be punished in the same manner as robbery or larceny of goods and chattels : ” i. e. by imprisonment at hard labor or otherwise not exceeding two years. The case comes before us on a bill of exceptions (of which it is only necessary to say it was not well taken, the court correctly admitted the testimony for the reason given in the bill); also, on a motion for new trial, in overruling which it seems to us the judge ruled very rigidly, but which, under our view of the case, need not be further noticed; and on a motion in arrest of judg *1242 ment, of which it is only necessary to notice one ground; that is in substance that the words “ current money of the United States,” used in the information, without any more minute or particular description of the character or kind of money, is not sufficiently certain to warrant conviction under the information, and does not sufficiently describe any thing named or described in the statute, and that there is no such thing-under our law as the larceny of current money of the United States.
Wharton’s Am. Crim. Law, vol. 1, sec. 363, says : “ Money is described as so many pieces of the current gold or silver coin of the realm called-. The species of coin must be specified,” and, again, “ a count-charging the conversion of $19,000 of money, and $19,000 of bank notes, is bad for uncertainty.” The same author, sec. 347, says, under the general term “money” bank notes, promissory notes, or treasury warrants can not be included. Again, sec. 346 : “ In England, in an indictment under 2 Geo. 2, c. 25, the instrument stolen must be expressly averred to be a bank-note, or a bill of exchange, or some other of the securities specified, and, therefore, it is insufficient to charge the defendant with stealing a note commonly called a bank-note, for none such is described in the-act.” The same author says, sec. 364, et seq.: “It is generally sufficient,, and always necessary, to use the words of the statute. It is not absolutely necessary under our own law to use the precise words of the-statute always, but it is safest to do so in charging a statutory offense,, and in all cases it must be done substantially.” In the State vs. Edson, 10 A. 229, it was held that an indictment charging the embezzlement-of a lot of lumber, or a certain lot of furniture, was bad for uncertainty of description of the articles embezzled. In the State vs. Cason, 20 A. 48, an indictment was held bad, and the judgment arrested when the-charge was larceny of goods and lawful money of the United States-(commonly called greenbacks), of the value of twenty-four dollars and twenty-five cents; a much more minute description than that in the present case.- The court says no such effects or notes as greenbacks are-known to law, but treasury notes of the United States are recognized by the laws of Congress, and cites 5 A. 326 ; 10 A. 191, 207; 11 A. 648-In the State vs. Muster, 21 A., an indictment for the embezzlement of “ the sum of eleven dollars ” was held bad. The court said the indictment does not inform us whether the sum embezzled consisted of gold or silver dollars, or of currency; whether of two or more coins, or treasury notes, or bank-bills. It is not always necessary, under the statute,, to set forth a minute or detailed description of the thing stolen, but it is necessary so to designate it as to make the charge intelligible, and to bring it within, the statute we have already recited. The description of the thing stolen does not conform, either in language or substance, to any thing named or described in the statute; nor is the language “ cur *1243 rent money of the United States” sufficient designation of the thing stolen. The motion in arrest of judgment must be sustained on the ground heretofore discussed.
It is therefore ordered that the judgment and sentence appealed from be and it is arrested and set aside; that the information be quashed as defective in law, and that the accused be held to answer such lawful charge as may be preferred against him under the orders of the court a qua.